IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brandon Christopher Patterson, | Case No. 5:11 CV 997 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bennie Kelly, Warden, | |
| Respondent. | |

### INTRODUCTION

Petitioner, Brandon Patterson, filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1). Realizing many of his claims were untimely, Petitioner filed a Motion to stay or amend his Writ (Doc. No. 8). Respondent, Bennie Kelly, Warden of the Trumbull Correctional Institution, filed an Opposition (Doc. No. 9). Petitioner replied (Doc. No. 10). For the following reasons Petitioner's Motion and Writ are denied.

### BACKGROUND

The Ohio court of appeals set forth the relevant factual background in *Ohio v. Patterson*, 2010 WL 2595181, at *1–2, 2009-Ohio-0142 (Ohio Ct. App. 2010). These factual findings are presumed correct. *See Thompson v. Bell*, 580 F.3d 423, 433 (6th Cir. 2009) (citing 28 § U.S.C. 2254(e)).

Briefly, Petitioner was convicted of attempted murder and two counts of felonious assault -- each with a firearm specification -- and possessing a weapon while under a disability. *Patterson*, 2010 WL 2595181 at *1. Petitioner's conviction arose out of the shooting of Dominic Maddox and

Arthur Alston at a party. *Id.* A fellow partygoer, Benjamin Blackwell, witnessed the shooting and testified Petitioner was the one who shot Maddox and Alston:

> Everyone became aware of a commotion in the kitchen and all went to the kitchen to see what was happening. Mr. Blackwell testified the kitchen was "full to its capacity of people," and he observed Mr. Alston involved in a disturbance with [Petitioner]. An attempt was made to break up the disturbance. Thereafter, shots rang out and Mr. Alston was shot in the back and fell to the floor and Mr. Maddox was grazed by a bullet. Of all the witnesses that testified, no one but Mr. Blackwell saw who the shooter was, and he identified [Petitioner] as the shooter. Mr. Blackwell testified he observed [Petitioner] with a revolver, saw him pull it out, and shoot Mr. Alston. Mr. Blackwell stated he was within two feet of appellant, "I could have reached out and touched the gun."

*Id.* at *2 (citations omitted ). The victims, Alston and Maddox, subsequently identified Petitioner in a photo array as the person who had the firearm. *Id.* at *2. Petitioner was sentenced to 20 years imprisonment (Doc. No. 7-1 at 25).

In June 2009, Petitioner timely filed his direct appeal to the Ohio appellate court raising four issues (Doc. No. 7-1 at 29):

1. The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.

2. Appellant was denied his rights to due process and of assistance of counsel because his trial counsel provided ineffective assistance.

3. The trial court erred in failing to suppress the un[n]ecessarily suggestive photograph identification line-up.

4. The trial court erred in failing to grant a mistrial sua sponte when testimony was presented in violation of the appellant's Fifth Amendment rights.

The appellate court affirmed the judgment of the trial court and denied each of Petitioner's claims on the merits. *Patterson*, 2010 WL 2595181 at *6.

In August 2010, Petitioner timely filed his appeal to the Ohio Supreme Court, raising a single issue: "When the performance of trial counsel is deficient and the defendant is prejudiced thereby, the

2

defendant is denied the right to effective assistance of counsel." (Doc. No. 7-1 at 122). The Supreme Court dismissed the case, finding it did not involve "any substantial constitutional question." (Doc. No. 7-1 at 144).

Petitioner next filed his Writ with this Court asserting four claims (Doc. No. 7 at 5–6):

1. Denied the right to effective assistance of counsel [Claim 1].

2. Trial court erred in failing to suppress the unnecessarily suggestive photograph identification line-up [Claim 2].

3. Trial court erred in failing to grant a mistrial sua sponte when testimony was presented in violation of [Petitioner's] Fifth Amendment rights [Claim 3].

4. Trial court's finding of guilt is against the manifest weight and sufficiency of the evidence [Claim 4].

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

#### DISCUSSION

Petitioner asserts four claims in his Writ. Claims 2, 3, and 4 are procedurally defaulted, and Petitioner's first claim, ineffective assistance of trial counsel, is meritless.

**Procedural Default**

Habeas claims must be fairly presented through "one complete round of the State's established appellate review process" in order to "give the state courts one full opportunity to resolve any constitutional issues." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004). Failure to "fairly present" a claim results in procedural default where a state procedural rule prohibits the state's review. *Pudelski v. Wilson*, 576 F.3d 596, 605 (6th Cir. 2009). Procedural default bars federal habeas review. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

To be fairly presented, a petitioner must assert "both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). In making this determination, courts look at whether the petitioner: (1) relied upon federal cases applying constitutional law; (2) relied upon state cases applying federal constitutional law; (3) alleged the denial of a specific federal constitutional right; or (4) alleged facts in the mainstream of constitutional law. *Id.*

Here, Petitioner failed to fairly present Claims 2, 3, and 4 because those issues were never raised on appeal to the Ohio Supreme Court. Furthermore, state procedural rules bar Petitioner from raising these grounds before the state courts because he already directly appealed and the time for reopening appeal, or for filing a state habeas corpus petition, has expired. Ohio Rule of Appellate Procedure 26(B) (allowing 90 days from judgment of court of appeals to reopen case); *see also Pudelski*, 576 F.3d at 606 (applying procedural default to petitioner's expired claims).

Petitioner concedes his grounds for relief "have not been completely exhausted . . . ." (Doc. No. 8 at 3). Indeed, that is the very reason for his Motion to stay or amend -- so that he can return to the state court and exhaust his claims. However, Petitioner's claims are exhausted because there is no longer any state remedy available. *Pudelski*, 576 F.3d at 606. What prevents this Court's review of Claims 2, 3, and 4 is not exhaustion, but rather procedural default. To overcome this stringent bar, Petitioner must show "that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).

To establish cause, Petitioner "must present a substantial reason to excuse his procedural default." *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994). Petitioner argues his appellate counsel failed to raise all his claims to the Ohio Supreme Court (Doc. No. 8 at 3). Attorney error, however, does not constitute cause unless it is constitutionally ineffective. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The fact that counsel "failed to raise [a] claim despite recognizing it, does not constitute cause for a procedural default" unless Petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 487–88.

Petitioner must also prove actual prejudice from the claimed constitutional error. This requires a showing the error caused more than a mere "*possibility*" of prejudice, but that [the error] worked to his *actual* and substantial disadvantage . . . ." *United States v. Frady*, 456 U.S. 152, 170 (1982). Prejudice is not proved "if there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim." *Rust*, 17 F.3d at 161–62.

Petitioner's general allegation that counsel failed to bring Claims 2, 3, and 4 before the Ohio Supreme Court due to a conflict of interest does not satisfy the cause and prejudice standard. Petitioner presents no evidence his counsel was somehow impeded from raising his claims and has not shown actual disadvantage.

Petitioner's final avenue to overcome procedural default is to show a miscarriage of justice by proving his "actual innocence." *House v. Bell*, 547 U.S. 518, 556 (2006). Actual innocence requires new and reliable evidence, not presented at trial, and a showing that more likely than not, no reasonable juror would have convicted in light of the new evidence. *Id.* at 537. Petitioner presents no evidence of actual innocence. Thus, the failure to review his procedurally defaulted claims would not result in a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495–96.

Accordingly, Claims 2, 3, and 4 are procedurally defaulted and barred from federal habeas review. Because Petitioner presented his ineffective assistance of trial counsel claim to the Ohio Supreme Court, that claim is not procedurally defaulted and is reviewed on the merits.

**Ineffective Assistance of Trial Counsel**

Under Section 2254(d)(1), this Court cannot grant federal habeas relief unless it concludes one of two conditions is satisfied. The state court's adjudication of Petitioner's ineffective assistance of trial counsel claim must have "resulted in a decision that (1) 'was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by a Supreme Court of the United States.'" *Williams*, 529 U.S. at 412 (quoting 28 U.S.C. § 2254(d)(1)).

Applying Section 2254(d)(1), this Court looks "to the last state-court decision on the merits," which in this case is the decision of Ohio appellate courts. *Garcia v. Andrews*, 488 F.3d 370, 374 (6th

6

Cir. 2007). If the state court identified the proper legal principle from the Supreme Court and reasonably applied that principle to Petitioner's claim, then this Court may not grant the Petition -- even if the state court applied the legal standard incorrectly. *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006).

Petitioner argued to the appellate court that his trial counsel was ineffective for two reasons: (1) counsel failed to file a motion to suppress statements Petitioner made while in custody; and (2) counsel failed to move for a mistrial after a witness commented on Petitioner's assertion of his right to remain silent (Doc. No. 7-1 at 47). The appellate court analyzed Petitioner's ineffective assistance of trial counsel under the correct legal standard set forth in *Strickland* (Doc. No. 7-1 at 110). Under that standard, Petitioner must establish his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Petitioner must then show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. That is a high burden:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689.

7

Petitioner's first ineffective assistance of trial counsel claim arises out of a statement he made to Detective Victor George. Following the shooting, Petitioner left Ohio and went to Texas, where he was eventually arrested. Detective George transported Petitioner back to Ohio for trial. During transport, Detective George asked Petitioner why he went to Texas (Doc. No. 7-1 at 112). Petitioner told him he "wanted to go down there and get a job to make enough money so he didn't have to have a Public Defender defend him." (Doc. No. 7-1 at 112). Petitioner alleges he made that statement without the benefit of a *Miranda* warning and his trial counsel should have filed a motion to suppress (Doc. No. 7-1 at 50).

The appellate court found "[t]he failure to file a suppression motion does not constitute per se ineffective assistance of counsel." (Doc. No. 7-1 at 112) (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)). Under *Kimmelman*, Petitioner must also show the suppression motion was meritorious and that there is a reasonable probability that it would have changed the verdict. 477 U.S. at 375. Petitioner failed to present evidence to the appellate court that his statement was made without a *Miranda* warning and acknowledged "the record is devoid of testimony regarding the issue." (Doc. No. 7-1 at 112) (citation omitted). Petitioner also failed to show how suppression, if successful, would have changed the verdict.

Petitioner's second claim for ineffective assistance of trial counsel fails as well. At trial, Detective George testified Petitioner refused to talk to him in Texas even though the court had already granted a motion *in limine* excluding evidence of Petitioner's silence (Doc. No. 7-1 at 111). Petitioner argues his counsel should have moved for a mistrial after Detective George's testimony (Doc. No. 7-1 at 51). The appellate court found, given the amount of evidence, that testimony regarding Petitioner's silence did not effect the trial's outcome (Doc. No. 7-1 at 111). Additionally, even though the

8

testimony was improper -- and could have been objected to -- the court noted "at times it's good trial strategy to not emphasize an error with objections and cautionary instructions." (Doc. No. 7-1 at 111). Either of these rationales is consistent with *Strickland's* high standard  The appellate court did not unreasonably apply *Strickland* when it denied Petitioner's claim.

### **CONCLUSION**

For the forgoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Petitioner's Motion to stay is denied as moot.  Petitioner cannot make a substantial showing of the denial of a constitutional right and there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253.

IT IS SO ORDERED.

                                                                          s/ *Jack Zouhary*
                                                                          JACK ZOUHARY
                                                                          U. S. DISTRICT JUDGE

February 8, 2012